UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD C. OCHSENREITER,

      Plaintiff

v.                                      Case No. 3:08cv483/MCR/MD

MEDINA ENTERPRISES, INC., and
FRANSYNERGY, INC.,

      Defendants
_____/

**O R D E R**

      Before the court is Plaintiff Donald Ochsenreiter's ("Ochsenreiter") Motion for Entry of Final Default Judgment against Defendants Medina Enterprises, Inc. and FranSynergy, Inc. ("defendants"). On April 14, 2009, the court entered a default against the defendants for failing to file a response to Ochsenreiter's complaint filed on October 22, 2008. On December 7, 2009, Ochsenreiter filed the instant motion seeking entry of final default judgment. Defendants have failed to respond.

      Damages may be awarded upon entry of a default judgment "only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Although defendants' default establishes their liability, the court "is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp.2d 66, 69 (D.D.C. 2002). Ochsenreiter has filed an affidavit claiming certain liquidated damages and prejudgment interest owed to him pursuant to the employment contract that forms the basis of this case. However, the court's review of the affidavit and the contract shows that Ochsenreiter has not sufficiently

stated the basis for all the damages he claims. Ochsenreiter claims he is owed $60,000 in earned, but unpaid, salary. Section 6.6(c) of the contract entitles him to recover "any unpaid Base Salary" up to the date of his resignation, which occurred on June 20, 2008. In contrast to the contract's language concerning severance pay, the contract does not state that such base pay is subject to withholding or other deductions. Ochsenreiter, however, fails to state the amount of his base salary, the period of time he worked without pay, or other facts allowing the court to determine that he had accrued $60,000 in back pay when he resigned.

Ochsenreiter also claims that sections 6.4(c) and 6.4(d) of the employment contract entitle him to $64,111.24 in severance pay and $3,230.77 in accrued leave. Section 6.4(c) states that Ochsenreiter would receive 90 days of severance pay in the form of his base salary, "subject to applicable withholding and other taxes." The affidavit, however, does not specify Ochsenreiter's base pay or the sums ordinarily withheld from it. Section 6.4(d) entitles Ochsenreiter to compensation for his unused vacation days, but the affidavit fails to state any facts supporting Ochsenreiter's claim for $3,230.77 in vacation pay. Accordingly, the court is unable to determine the amount Ochsenreiter is owed under either section 6.4(c) or section 6.4(d) of the employment contract.

Finally, Ochsenreiter claims he is entitled to $17,464.54 in prejudgment interest. Prejudgment interest on damages stemming from a breach of contract is calculated from the date on which the loss occurred. *See Summerton v. Mamele*, 711 So.2d 131, 133 (Fla. 5th DCA 1998). The affidavit states that Ochsenreiter is entitled to 194 days of prejudgment interest for 2008. As such, Ochsenreiter assumes such interest began to accrue on all his damages as of his resignation on June 20, 2008. However, section 6.4(c) of the employment contract states that Ochsenreiter would receive severance pay in the form of his base salary, minus applicable deductions, "in installments consistent with the Company's normal payroll schedule." Accordingly, prejudgment interest on Ochsenreiter's severance pay cannot be calculated based on a lump sum that was payable on June 20, 2008; instead, it must be based on each separate payment, net of deductions, as it became due under the company's ordinary pay schedule. The affidavit fails to specify the

dates or the amounts payable as severance pay. The court, therefore, has no basis for determining how prejudgment interest on Ochsenreiter's severance pay should be calculated.

Accordingly, it is ORDERED:

1. Ochsenreiter shall have ten (10) days from the date of the entry of this order to file a detailed affidavit stating his base salary and other relevant facts that form the basis for his claim to back pay and accrued leave;

2. State the amount, including required deductions, and the dates on which each of the severance payments owed under section 6.4(c) of the employment contract was due; and,

3. State in detail how prejudgment interest should be calculated in this case, using the applicable statutory rates, for the interest applying to sums owed him as of June 20, 2008, and the interest applying to each separate installment owed to him after that date as severance pay.

**DONE AND ORDERED** this 13th day of January, 2010.

                              s/ *M. Casey Rodgers*
                              **M. CASEY RODGERS**
                              **UNITED STATES DISTRICT JUDGE**